UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL TOLBERT III,

    Plaintiff,

v.

CONTRA COSTA COUNTY MARTINEZ FACILITY, et al.,

    Defendants.

Case No. 22-cv-03546 EJD (PR)

**ORDER OF PARTIAL DISMISSAL AND OF SERVICE OF FIRST AMENDED COMPLAINT; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**

    Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Martinez Detention Facility in Contra Costa County, where he was formerly housed as a pretrial detainee. Dkt. No. 1. The Court dismissed the complaint with leave to amend to correct various deficiencies. Dkt. No. 7. Plaintiff filed a first amended complaint. Dkt. No. 13.

**DISCUSSION**

**A.**    <u>Standard of Review</u>

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff names the following as Defendants: Contra Costa County ("County"); Sgt. B. Holland; Sgt. A. Rossi; Deputy Gamba; Classification Deputy Griffin; Classification Deputy Davis; and Deputy N. Cope. Dkt. No. 13 at 1-2. At all times during the underlying events, Plaintiff was a pretrial detainee. Id. at 1.

Plaintiff claims Defendants Griffin, Sgt. Holland, Sgt. Rossi, Deputy Gamba, Deputy Davis, and Deputy Cope acted with deliberate indifference to his safety needs when they failed to protect him from violence at the hands of gang members by moving him to a part of the Jail where he would be at risk of an attack. Id. at 3-6. After they moved him, Plaintiff was attacked on February 20, 2022, March 15, 2022, and March 25, 2022, and suffered serious injuries. Id. at 6-7. Plaintiff claims Defendants ignored his pleas to be moved and failed to intervene when they observed the attacks happening. Id. These allegations are sufficient to state a claim. See Castro v. Cnty. of Los Angeles, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc).

Plaintiff claims that after he was attacked on March 25, 2022, Defendant Gamba refused to call a "medical code" for Plaintiff to get treatment for his injuries. Dkt. No. 13 at 7. Plaintiff's injuries were so severe that he was hospitalized the next day at the Contra Costa Regional Medical Emergency Department. Id. These allegations are sufficient to state a deliberate indifference claim to serious medical needs against Defendant Gamba. See Gordon v. County of Orange, 888 F.3d 1118, 1124-25 (9th Cir. 2018).

Plaintiff also claims that Defendants Holland, Rossi, and Cope violated his right to due process when they disciplined him with a lockdown and loss of privileges for "insubordinate/insolent" and refusal to obey an order, although he consented to be moved and did so without the use of force. Dkt. No. 13 at 5, 9. These allegations are sufficient to state a due process claim. See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Wolff v. McDonnell, 418 U.S. 539 (1974).

Lastly, Plaintiff claims that the County has a "policy and longstanding practice and custom in forcing inmates to come out with other groups of inmates that are known enemies or that they know they will be harmed by" which was the "energizer and moving force behind the listed Defendants openly free practice of constitutional violations." Dkt. No. 13 at 10. Throughout the amended complaint, Plaintiff alleged that Defendants forced him to move under "county policy." Id. at 3, 4, 5. These allegations are sufficient to state a Monell claim against the County. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).

Plaintiff also asserts an equal protection claim for the first time in this action. Dkt. No. 13 at 9. He asserts that Defendants Holland, Rossi, Cope, and Griffin treated him "worse than others" in making him move to a different module despite knowing the risk to his safety, while allowing other inmates to stay on the module comfortably without any threats of force or sanctions. Id. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982)); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim). Here, there are no allegations describing the class of people to which Plaintiff belongs, i.e., "persons similarly situated" as himself. Plaintiff merely alleges that he was forced to move while other inmates were "allow[ed] to stay comfortably without any threats of force." Id. To state a claim, Plaintiff

3

would have to allege that other inmates who faced similar threats of violence were not forced to move. However, Plaintiff alleges that another inmate was forced to move despite fears for his life, and ultimate died due to an attack. Dkt. No. 13 at 3. That incident does not indicate that Plaintiff was treated differently from other similarly situated inmates. Accordingly, it does not appear that Plaintiff would be able to allege any facts to support an equal protection claim if he were given an opportunity to amend. Furthermore, Plaintiff has already been afforded one opportunity to amend, and the Court finds he does not merit another one. See Wagh v. Metris Direct, Inc., 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this equal protection claim is DISMISSED with prejudice for failure to state a cognizable claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the following claims: (1) deliberate indifference to safety needs; (2) deliberate indifference to serious medical needs; (3) due process claim; and (4) Monell claim. The equal protection claim is DISMISSED with prejudice for failure to state a claim.

The Clerk shall terminate "Contra Costa County Martinez Detention Facility" from this action as this Defendant is not named in the amended complaint and is therefore no longer a party to this action. See Ferdik, 963 F.2d at 1262.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint, Dkt. No. 13, all attachments thereto, and a copy of this order upon **Defendants Sgt. B. Holland, Sg. A. Rossi, Deputy Gamba, Deputy Griffin (classification), Deputy Davis (classification), and Deputy N. Cope** at the **Contra Costa County Martinez Detention Facility** (901 Court Street, Martinez, CA 94553), and

**Defendant Contra Costa County** at the County Counsel's Office (1025 Escobar St., 3rd Floor, Martinez, CA 94553). The Clerk shall also mail a copy of this order to Plaintiff.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

 a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

 b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under** Rand v. Rowland**, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See** Woods v. Carey**, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

 Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:** April 27, 2023

EDWARD J. DAVILA
United States District Judge