UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL TOLBERT, III., <br><br> Plaintiff, <br><br> v. <br><br> BOB HOLLAND, et al., <br><br> Defendants. | Case No. 5:22-cv-03546 EJD (PR) <br><br> **ORDER DENYING MOTION FOR RECONSIDERATION** <br><br><br> (Docket No. 91) |

Plaintiff, a California state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against officers at the Martinez Detention Facility. Dkt. No. 13. On December 17, 2024, Defendants Holland, Rossi, Griffin, Cope, and Gamba filed a motion for summary judgment on various grounds. Dkt. No. 75. Plaintiff was granted extensive time to file an opposition but failed to do so. Dkt. No. 82. On September 30, 2025, the Court granted Defendants Holland, Rossi, Griffin, Cope, and Gamba's motion for summary judgment and entered judgment. Dkt. Nos. 87, 88.

On November 17, 2025, Plaintiff filed a document titled: "Notice to Court; Request for Order; Request for Time Extension; Response to Courts Order Dkt 82 and Dkt 86; Motion for Reconsideration." Dkt. No. 91. Plaintiff asserts Federal Rule of Civil Procedure 6(b)(1) and 56(d) to extend the time to file an opposition. Id. at 4. Plaintiff also filed an opposition to Defendants' summary judgment motion and a request for judicial notice in support thereof. Dkt. Nos. 89, 90. After the Court ordered briefing on this motion, (Dkt. No. 95), Defendants file an opposition on December 16, 2025. Dkt. No. 96. Plaintiff did not file a reply.

Rule 6(b)(1) provides for extensions of time for motion papers. Fed. R. Civ. P. 6(b)(1). Rule 56 provides for summary judgment motions, with subsection (d) allowing a nonmovant to assert by affidavit or declaration that "for specified reasons, it cannot present facts essential to justify its opposition" such that a court may: (1) defer considering or denying a summary judgment motion; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d). However, neither of these provisions apply because Defendants' summary judgment was deemed submitted as of June 2, 2025, the date Defendants filed their reply, (Dkt. No. 86 at 4), and the motion was granted on September 30, 2025. Dkt. No. 87. Furthermore, Plaintiff must first seek leave of court before filing a motion for reconsideration of an interlocutory order, i.e., Dkt. Nos. 82 and 86, and he must do so *before* entry of judgment. N.D. Civil L.R. 7-9(a). Plaintiff did not. Accordingly, the motion based on these reasons must be denied. Plaintiff's only recourse is for the Court to reconsider its final order granting Defendants' summary judgment motion. Dkt. No. 87.

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

A motion to alter or amend judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. See Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009); Classic Concepts, Inc., 716 F.3d at 1286. Here, that deadline was October 28, 2025, but Plaintiff filed the instant motion on November 17, 2025. Dkt. No. 91. Accordingly, the motion is untimely under Rule 59.

In contrast to a Rule 59(e) motion, a Rule 60(b) motion "only comes into play after the time to appeal has expired, the judgment has become final, and the petitioner has 'expended the one full opportunity to seek collateral review that AEDPA ensures.'"

2

Rishor v. Ferguson, 822 F.3d 482, 493 (9th Cir. 2016) (citing Blystone v. Horn, 664 F.3d 397, 413 (3d Cir. 2011)). Rule 60(b) lists six grounds for relief from a final judgment, order, or proceeding. Such a motion must be made within a "reasonable time," and as to grounds for relief (1) - (3), no later than one year after the judgment was entered. See Fed. R. Civ. P. 60(b). The Court finds Plaintiff's motion is timely under Rule 60(b) as it was made within a reasonable time and less than a year after judgment was entered.

The six grounds for relief under Rule 60(b) are as follows: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting United States v. Desert Gold Mining Co., 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff alleges the following reasons for reconsideration: (1) he was transferred to mental health institution due to a mental breakdown in February 2025; (2) he has been taking psychotropic drugs that exasperate his symptoms; (3) officers have been interfering with his legal mail; (4) limited access to copies and stamps; and (5) being in lockdown from June 12, 2025, for several weeks. Dkt. No. 91 at 1-3. Plaintiff asserts that these "exceptional circumstances" made it impossible for him to file an opposition. Id.

In opposition, Defendants assert that Plaintiff could have presented these "excuses," with the exception of the June 12, 2025 lockdown, in his last request for an extension filed

on May 1, 2025, but he did not. Dkt. No. 96 at 4, citing Dkt. No. 83. Defendants also assert that all of Plaintiff's reasons lack merit and are based on false statements. *Id.* at 4-6. The Court addresses each of Plaintiff's reasons below.

First, Defendants assert that Plaintiff did not suffer a "mental health breakdown" in February 2025. *Id.* at 5. Defendants point out that none of the mental health records he attached as Exhibit A demonstrate that he suffered from any mental health breakdown that impaired his ability to file a timely opposition. *Id.*, citing Dkt. No. 91 at 7-17. Rather, Defendants contend that notes from March 11, 2025, state that Plaintiff "was alert and fully oriented x4" and his "thought process" and "thought content" were appropriate. *Id.*, citing Dkt. No. 91 at 10, 13, 11 (March 11, 2025 MHPC Progress Note, psychiatrist notes from March 6 and 13, and mental health document dated September 18, 2025). Defendants also cite a mental health record from July 2025 states as follows:

> [Plaintiff] demonstrated mental health stability and showed no evidence of significant impairment or decline in function due to mental health symptoms. Patient does not have any documented mental health symptoms that would impact his ability to follow rules, policies, or staff directives.

*Id.* at 15. Plaintiff has filed no reply in response to Defendants' contentions. The Court notes that Plaintiff made no assertion regarding his mental health during the pendency of Defendants' summary judgment motion. For example, he made no mention of it in his motion for a court order filed on February 18, 2025 (Dkt. No. 80), nor in his motion to compel filed on May 12, 2025 (Dkt. No. 83). On the contrary, his mental health records indicate no mental health problems that would hinder his ability to prosecute this action. Accordingly, the Court finds no merit to Plaintiff's excuse that poor mental health and psychotropic drugs made it impossible to file a timely opposition.

Second, Defendants contend Plaintiff's excuse regarding interference with legal mail is also false. Defendants point to Plaintiff's own Exhibit C, which is a copy of a grievance complaining that his legal mail was opened. Contrary to his allegation in the motion that officers "discarded" pages from his mail, this grievance contains no such

4

allegation. Dkt. No. 91 at 22-27 (Ex. C), 29-30 (Ex. D). Furthermore, the grievance shows that the alleged bad acts by the officers occurred in 2024, not 2025. *Id.* Plaintiff has filed no reply to refute this argument or show that the mail tampering occurred during the relevant time period. Accordingly, the Court finds no merit to this assertion involving interference with Plaintiff's legal mail.

Third, Defendants assert that Plaintiff's excuse that a librarian hindered his ability to obtain copies is also false. Dkt. No. 96 at 5. Defendants point to a Rules Violation Report ("RVR") dated January 31, 2025, which Plaintiff relies on. Dkt. No. 91 (Ex. G). Defendants contend that this RVR never resulted in any discipline nor impede Plaintiff's ability to obtain copies. Dkt. Nos. 96 at 5, 96-2 at 2. Plaintiff has filed no reply to refute this argument. The Court finds no merit to this argument which is not supported by his own documents nor does Plaintiff explain why he did raise this issue in his prior motions while Defendants' summary judgment motion was still pending. Accordingly, the Court finds no merit to Plaintiff's claim that he was unable to obtain copies.

Fourth, Defendants contend that the June 12 lockdown lasted from June 12 to June 26 and that the Litigation Coordinator at Plaintiff's prison confirmed that his "state wide mandatory modified program" did not preclude inmates from receiving regular or legal mail during this period. Dkt. Nos. 96 at 6, 96-2 at 2. Plaintiff has filed no reply contending otherwise. Because the alleged lockdown occurred well after the deadline to file his opposition had expired, it is irrelevant to Plaintiff's contention that it hindered his ability to file a timely opposition. Accordingly, the Court finds no merit to this claim.

Fifth, Defendants contend that Plaintiff's alleged lack of fund to pay for postage is contradicted by the Court's own records. Dkt. No. 96 at 6. Defendants point out that during the relevant period, Plaintiff mailed two filings to the Court in this case, (Dkt. Nos. 80, 83), and also in another case with the Court, *Tolbert v. Antioch Police Department et al.*, N.D. Cal. Case No. 22-02026 JSC, Dkt. No. 133 (filed May 12, 2025). Therefore, Defendants assert that a putative lack of funds did not preclude Plaintiff from filing his

opposition by May 19, 2025. *Id.* Plaintiff has filed no opposition explaining this discrepancy. Again, Plaintiff fails to explain why he did not raise this argument in any of his previous filings nor does he explain his ability to otherwise file other documents during the relevant time period. Accordingly, the Court finds no merit to this assertion that lack of postage hindered Plaintiff's ability to file a timely opposition.

In sum, Plaintiff has failed to establish any basis under Rule 60(b) for the Court to reconsider its order granting Defendants' motion for summary judgment. As discussed above, Plaintiff has failed to establish excusable neglect for his failure to file a timely opposition. Nor has Plaintiff established newly discovered evidence, fraud by Defendants, or any other reason justifying relief. Fed. R. Civ. P. 60(b). The Court finds no intervening change of controlling law, new evidence, or the need to correct a clear error or prevent manifest injustice to justify reconsideration. See Hodel, 882 F.2d at 369 n.5.

Based on the foregoing, Plaintiff's motion for reconsideration is DENIED. The Court will not entertain any further motions in this matter. Plaintiff's only relief is to appeal this matter to the Ninth Circuit.

This order terminates Docket No. 91.

**IT IS SO ORDERED.**

Dated: January 6, 2026

EDWARD J. DAVILA
United States District Judge